UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSHUA POWERS,

        Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.

        Defendant.

**COMPLAINT AND JURY DEMAND**

Case No. _____

The plaintiff, Joshua Powers, by his attorney, Chad Murray, alleges the following for his complaint against the defendant, Diversified Consultants, Inc..

## PARTIES

1. The plaintiff, Joshua Powers is a resident of Erie County, New York.

2. The plaintiff is a natural person obligated, or allegedly obligated, to pay a consumer debt.

3. Upon information and belief, the defendant, Diversified Consultants, Inc., is a foreign corporation incorporated in Florida and licensed to conduct business in New York.

4. Upon information and belief, the defendant routinely attempts to collect debts through contact with residents of New York, including residents of the Western District of New York, through telephone, mail, and other means of communication.

5. Upon information and belief, the defendant maintains offices for the transaction of business in Jacksonville, Florida.

6.     The defendant regular collects consumer debts as a part of its routine business practices and procedures.

## JURISDICTION AND VENUE

7.     This court has subject matter jurisdiction in this action because the plaintiff is seeking damages for violations of 15 U.S.C. § 1692 et seq., known as the Fair Debt Collection Practices Act and 47 U.S.C. § 227, et seq., known as the Telephone Consumer Protection Act of 1991.

8.     Both of the above referenced statutes permit adjudication in United States District Court.

9.     The defendant has transacted business in New York by attempting to collect a consumer debt using telephone calls and letters to residences of New York.

10.    Venue in the Western District of New York is appropriate based on the plaintiff's residence therein.

## THE PLAINTIFF'S CLAIMS

### General Allegations

11.    The defendant is an entity that routinely attempts to collect consumer debts and meets the definition of a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

12.    The defendant sent a letter to the plaintiff on or about September 18, 2013. A copy of the letter is attached as Exhibit "A".

13. The letter indicates an amount due totaling $1,835.26 and an original creditor of "T-Mobile (BUN) DCIZ".

14. The letter also provides that the defendant may charge surcharges up to $14.00 for payments made via telephone.

15. The defendant contacted the plaintiff by telephone on or before September 30, 2013. During that telephone call, the plaintiff notified the defendant, or an agent or employee of the defendant acting within the scope of the defendant's business endeavors, that he had retained an attorney to represent him in the matter.

16. The defendant contacted the plaintiff by telephone on October 1, 2013.

17. The defendant contacted the plaintiff by telephone on October 2, 2013.

18. Upon information and belief, the defendant used an "automatic telephone dialing system," defined by 47 U.S.C. § 227(a)(1) and subsequent decisional law, to dial the plaintiff's personal cell phone and leave the above-referenced voicemails.

## CLAIM ONE

## Violation of 15 U.S.C. § 1692e(2)

19. The plaintiff reasserts and realleges all preceding paragraphs as if independently restated here.

20. The letter referenced in paragraphs 12-14, *supra*, and attached as Exhibit "A" substantially misrepresents the amount allegedly owed.

21.   The amount claimed—$1,835.26— represents a gross exaggeration and misrepresentation of any amount allegedly owed by the plaintiff.

22.   The letter also provides for possible surcharges that are not permissible by the terms of the alleged contract between the original creditor and the plaintiff, and therefore cannot be collected by the defendant.

23.   The defendant has violated 15 U.S.C. § 1692e(2) by misrepresenting the sum total of the debt (15 U.S.C. § 1692e(2)(A)) and misrepresenting the applicability of charges for payment made by the plaintiff (15 U.S.C. § 1692(2)(B)).

24.   Based on the foregoing, the plaintiff is entitled to the relief provided by 15 U.S.C. § 1692 et seq., including statutory damages, costs, and attorney's fees.

## CLAIM TWO

### Violation of 15 U.S.C. § 1692c(a)(2)

25.   The plaintiff reasserts and realleges all preceding paragraphs as if independently restated here.

26.   The plaintiff notified the defendant that he was represented by counsel on or before September 30, 2013.

27.   The name and address of plaintiff's counsel was readily ascertainable on or before September 30, 2013.

28.   Despite the plaintiff's notification of representation, the defendant directly contacted the plaintiff on October 1, 2013 and October 2, 2013.

29.     The defendant acknowledged during the October 2, 2013 telephone call that file notes indicated the plaintiff's representation.

30.     The defendant violated 15 U.S.C. § 1692e(a)(2) by contacting the plaintiff when the plaintiff was known to be represented by an attorney.

31.     Based on the foregoing, the plaintiff is entitled to the relief provided by 15 U.S.C. § 1692 et seq., including statutory damages, costs, and attorney's fees.

### CLAIM THREE

### Violation of 47 U.S.C. § 227, et seq.

32.     The plaintiff reasserts and realleges all preceding paragraphs as if independently restated here.

33.     The defendant utilized an automatic telephone dialing system to contact the plaintiff's cell phone on or before September 30.

34.     The defendant utilized an automatic telephone dialing system to contact the plaintiff's cell phone on October 1, 2013 and on October 2, 2013.

35.     The calls referenced in paragraph 38, *supra*, were not made for emergency purposes.

36.     Upon information and belief, the plaintiff did not give express consent for the defendant to contact him using his cell phone.

37. The defendant willfully and knowingly utilized an automatic dialing telephone system to contact the plaintiff's cell phone under the conditions outlined in the preceding paragraphs.

38. In doing so, the defendant violated 47 U.S.C. § 227, et seq.

39. Based on the foregoing, the plaintiff is entitled to the relief provided by 47 U.S.C. § 227, et seq., including statutory damages.

## DAMAGES

40. The plaintiff has suffered monetary and reputation damages arising from the defendant's violations of 15 U.S.C. § 1692, et seq. and is entitled to recovery of said damages pursuant to 15 U.S.C. § 1692k(a)(1).

41. The plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 47 U.S.C. 227, et seq.

42. The plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## JURY DEMAND

43. The plaintiff demands trial by jury for all contested facts and claims.

## RELIEF REQUESTED

WHEREFORE, the plaintiff, Joshua Powers, respectfully requests the following relief from this court:

a.  Judgment against the defendant awarding compensation to the plaintiff for all actual damages and injuries sustained, as permitted by 15 U.S.C. § 1692k(a)(1);

b.  Judgment against the defendant awarding statutory damages to the plaintiff for $1,000, as permitted by 15 U.S.C. § 1692k(a)(2)(A);

c.  Judgment against the defendant awarding statutory damages to the plaintiff for $3,000, as permitted by 47 U.S.C. 227, et seq.;

d.  Judgment against the defendant awarding attorney's fees and costs, as permitted by 15 U.S.C. § 1692(a)(3); and

e.  For any other relief this court deems appropriate.

Dated:   October 17, 2013
         Buffalo, NY

/s/ Chad Murray
Chad Murray
*Attorney for Plaintiff*
BOUVIER PARTNERSHIP, LLP
350 Main Street, Suite 1400
Buffalo, NY 14202
716.856.1344
cmurray@bouvierlaw.com